## THE MANITOBA.

### (District Court, S. D. New York. January 17, 1900.)

PERSONAL INJURIES—FALL FROM "JACOB'S LADDER" INTO HOLD.

Where a bag sewer in the employ of a warehouse company at whose dock a steamship was discharging was directed by his employers to go into one of the holds of the vessel to mend coffee bags, and in going down voluntarily made use of a rope ladder, with wooden steps, which the vessel had furnished to contracting stevedores who had rigged it in the hatchway, and after descending it in safety was injured by falling from it in attempting to ascend it at the close of the day, it was held (1) that the ladder was safe and sound of its kind; (2) that the shipowners owed no duty to the libelant to furnish him with a different kind of a ladder; and (3) that the libelant could not recover damages from the shipowners.

(Syllabus by the Court.)

In Admiralty. Libel for personal injuries.

The libelant was a bag sewer in the employ of a wharf and warehouse company, owners of a covered wharf at which the British steamship Manitoba was discharging a cargo of coffee, and of warehouses adjoining the dock, in which the coffee or a part of it was to be stored. A foreman of the wharf company, without previous communication with the ship's officers or servants, ordered the libelant to descend into the No. 1 hold of the steamship and mend or resew some bags in the bottom of the hold. Two of the four holds of the vessel had permanent iron ladders leading down through the hatchways into the holds, but there was no such permanent ladder in the No. 1 hold. The ship's officers had furnished to contracting stevedores, for their use in discharging the cargo, a rope ladder with wooden steps, known as a "Jacob's Ladder," which had been suspended by the latter in the hatchway and was hanging there when libelant went to the hatch. The stevedores were not at work in this hold at the time. The libelant went down the ladder in safety, but testified that it swung so as to make his descent upon it difficult. After completing his work for the day he attempted to ascend the ladder, which was then unattached at

the bottom, and when part way up fell back into the hold sustaining painful and serious injuries. He claimed (1) that the ladder was defective and that one of the steps slipped on the rope or broke, and (2) that the respondents, owners of the vessel, were negligent in not having a permanent iron ladder in the hatchway. There was contrary evidence that the ladder was sound and safe of its kind, and that similar ladders had been long in use at this place without accident.

George Whitefield Betts, Jr., for libelant.

Convers & Kirlin, for respondents.

BROWN, District Judge (after stating the facts). The weight of testimony shows that the "Jacob's Ladder" was new, sound, good of its kind, and that the step did not give way as libelant supposed. Such ladders are in frequent use on board ship and familiar. This was in use for two days by many persons and the stanchion behind it prevented swaying backwards; it was not unsafe for persons used to it. It was voluntarily taken by the stevedore's men; and voluntarily used by them and by the libelant; there was no concealed danger about it, and the ship owed no duty to the libelant to provide other means of descent to the hold—certainly not except on call for it. I think the accident was due to the libelant's foot missing the step in some way, or slipping; he was near the top, and near the box beam where the swing would be least.

Libel dismissed.